# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLYDE JOHNSON, | DOCKET NUMBER |
| Appellant, | AT-0714-20-0077-X-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 18, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Mount Pleasant, South Carolina, for the appellant.

Torrey D. Smith, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1   In a September 4, 2020 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's April 9, 2020 final decision reversing the appellant's removal and ordering the agency to retroactively restore him with back pay and benefits. *Johnson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0077-I-1, Initial Appeal File, Tab 38, Initial Decision (ID)[3]; *Johnson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0077-C-1, Compliance File, Tab 6, Compliance Initial Decision (CID).   For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2   In the compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final decision in the underlying appeal to the extent it failed to provide proof that it had paid the appellant all back pay owed, with interest.   CID at 2-3.   Accordingly, she granted the appellant's petition for enforcement, in part, and ordered the agency to pay the appellant all back pay owed, with interest, and to provide him an explanation of its updated back pay calculations.  CID at 3.

¶3   The administrative judge informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 3-4.   The compliance initial decision

---

[3] The initial decision became the final decision of the Board on May 14, 2020, after neither party petitioned the Board for administrative review.  ID at 10; *see* 5 C.F.R. § 1201.113.  The appellant requested review of his discrimination claims by the Equal Employment Opportunity Commission, which issued a final decision on November 19, 2020 concurring with the administrative judge's finding that the appellant did not establish his affirmative defense of unlawful discrimination.  *Johnson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0077-I-1, Petition for Review File, Tabs 1, 4.

also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 4-5. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on the issues of compliance. *Johnson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0077-X-1, Compliance Referral File (CRF), Tab 1.

¶4        On March 8, 2022, the Board issued an acknowledgment order directing the agency to submit evidence showing that it has complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. The acknowledgment order also notified the appellant that he may respond to any submission from the agency by filing written arguments with the Clerk of the Board within 20 calendar days of the date of service of the agency's submission. *Id.* The appellant was cautioned, however, that if he did not respond to the agency's evidence of compliance within those 20 calendar days, the Board "may assume you are satisfied and <u>dismiss</u> your petition for enforcement." *Id.* at 3-4.

¶5        In its March 23, 2022 compliance submission, the agency informed the Board, in relevant part, that it had complied with the Board's final order by paying the appellant his back pay with interest, including payment for night differential hours. CRF, Tab 2. As evidence of its compliance, the agency provided several copies of the appellant's prior pay statements, to include for pay period ending August 29, 2020, which shows payment of back pay for 1,064 hours of regular pay ($21,127.68) and 897 hours of night differential pay ($1,782.36), with interest ($532.63). *Id.* at 33-34. The appellant did not respond to the agency's submission.

## ANALYSIS

¶6     When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶7     Here, as noted above, the administrative judge found that, to establish compliance with the Board's final decision in the underlying appeal, the agency must pay the appellant all back pay owed, with interest, and provide him an explanation of its updated back pay calculations. CID at 3. The agency's submission reflects that it has now paid the appellant $21,127.68 in back pay for regular hours and $1,782.36 in night differential pay, as well as $532.63 in interest on the back pay award. The appellant has not responded to the agency's compliance submission, despite being notified of his opportunity to do so, including having been cautioned that the Board may assume he is satisfied and dismiss his petition for enforcement if he did not respond. CRF, Tab 1. Accordingly, we assume that the appellant is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶8       In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement.[4]  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] The agency did not indicate that it provided the appellant an explanation of its updated back pay calculations, as required by the compliance initial decision.  Nonetheless, this failure does not preclude the Board from finding the agency in compliance given that the appellant has not objected to the agency's compliance and is assumed to be satisfied.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.